UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24055-CIV-MORENO

JOSEFINA ACOSTA JIMENEZ,

    Plaintiff,

vs.

MANYA BORMAN, *pro se*,

    Defendant.

_____/

## ORDER GRANTING ATTORNEY'S FEES

### A. Background

Plaintiff brought an action against Defendant to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. Following a two-day trial, the jury returned a verdict for Plaintiff on July 20, 2017 and the Court entered a final judgment in favor of Plaintiff. As a prevailing party in a Fair Labor Standards Act case, Plaintiff now seeks attorney's fees pursuant to 29 U.S.C. § 216(b) and Southern District of Florida Local Rule 7.3 in the amount of **$58,132.00**. Defendant opposes Plaintiff's motion and asks the Court to "subjectively decide on this matter."

### B. Legal Standard

The standard for measuring reasonable attorney's fees in the Eleventh Circuit is the lodestar method, which requires the Court to multiply the reasonable hours expended by Plaintiff's counsel by the reasonable hourly rates charged. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). Plaintiff bears the burden of documenting the reasonable hours expended and the reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). Plaintiff must also supply detailed evidence of the hourly rates and time expended so that the Court may properly assess the time claimed for each activity. *Id.* (citation omitted).

C. **Discussion**

Plaintiff's counsel seeks an exorbitant **$58,132.00** in attorney's fees from this *pro se* Defendant as compensation for a **$4,824.00** victory. During a two-day trial, jurors heard riveting testimony and were presented with gripping evidence of the tumultuous conditions Plaintiff, a housekeeper, encountered as she worked around-the-clock and when given the opportunity, snoozed on Defendant's incommodious couch, only to have her overtime wages withheld. The question is whether Plaintiff counsel's fee request is reasonable in this Fair Labor Standards Act case. For the foregoing reasons, the Court finds that it is not.

In Fair Labor Standards Act actions, the Court relies on the lodestar method to determine the reasonableness of the fees sought. *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011). In calculating the lodestar amount, the Court must first determine the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. Next, the Court must determine the reasonable amount of hours expended on the case. *Id.* at 1301. The Court should exclude "excessive, redundant or otherwise unnecessary" hours from the amount claimed. *Id.* (quoting *Hensley*, 461 U.S. 424 (1983)). The Court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014); *see also Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313 (holding that a limited recovery of $21,000.00 in an unpaid wages claim under the Fair Labor Standard Act warranted reduction in the lodestar). When a fee application presents a request for an unreasonably high number of hours, the district court may "comb through the party's submission to conclude which hours are reasonably compensable, or it may simply apply a percentage cut to the total number of hours submitted." *Fiedler v. Anglin's Beach Cafe, LLC*, No. 15-60989-CIV, 2017 WL 1278632, at *3 (S.D. Fla. Apr. 3, 2017) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

District courts may conduct across-the-board cuts when the attorney's fees sought are unreasonably high. In *Martinez v. Hernando Cty. Sheriff's Office*, the Eleventh Circuit held that the district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees instead of the $79,850.63 requested by the plaintiff in a Fair Labor Standard Act case. 579 F. App'x at 712. The district court's 75% reduction from the lodestar based on the plaintiff's "limited recovery" was "reasonably proportionate to [the plaintiff's] success in the lawsuit." *Id.* at 713. "[W]hen a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole[,] times a reasonable hourly rate[,] may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous and raised in good faith." *Id.* at 715 (quoting *Hensley*, 461 U.S. at 436). Courts may also conduct an hour-by-hour analysis, but cannot do so in conjunction with an across-the-board reduction. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351-52 (11th Cir. 2008) (holding that conducting both an hour-by-hour analysis and applying an across-the-board 50% reduction was an abuse of discretion).

Plaintiff's counsel seeks a total recovery of $58,132.00. The billing records indicate that five attorneys worked on the case:

| Attorney | Hourly Rates | Total Hours | Total Fees |
|---|---|---|---|
| J.H. Zidell | $390/hour | 49.30 hours | $19,227.00 |
| K. David Kelly | $350/hour | 61.50 hours | $21,525.00 |
| Rivkah Jaff | $260/hour | 28.30 hours | $7,358.00 |
| Natalie Staroschak | $260/hour | 36.70 hours | $9,542.00 |
| Bruno Garofalo | $240/hour | 2.0 hours | $480.00 |
| **TOTAL** | | **177.80 hours** | **$58,132.00** |

Plaintiff's counsel presents the above-referenced hourly rates but fails to provide each attorney's experience and background to justify the rate requested. "Generally, acceptable proof of the market rate

may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work." *Norman*, 836 F.2d at 1299 (internal citation omitted). In support of these requests, Plaintiff's counsel submits three orders from the Southern District of Florida that awarded Plaintiff's counsel fees similar or identical to the hourly rate requested in this case. "Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.* at 1303 (internal citations omitted).

In *Reis v. Thierry's Inc.*, No. 08-20992-Civ-Turnoff (S.D. Fla. Mar. 25, 2010), Magistrate Judge Turnoff awarded hourly rates of $330.00 per hour for Mr. Zidell and $300.00 per hour for Mr. Kelly. In *Marengo v. Doorman's Private Ride Serv., Inc. et al*, No. 15-22758-Civ-Otazo-Reyes (S.D. Fla. Aug. 17, 2017), Magistrate Judge Otazo-Reyes awarded hourly rates of $390.00 per hour for Mr. Zidell, $350.00 per hour for Mr. Kelly, $225.00-$290.00 per hour for Mr. Jaff, and $260.00 per hour for Ms. Staroschak. Accordingly, based on the Court's experience and the decisions of other judges in this district, the Court finds that the rates requested are reasonable in the Miami, Florida market. *See Araujo v. C.R.C. Car Rental Inc.*, No. 17-21889-CIV, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (finding that a $395 hourly rate was reasonable for an attorney with over 17 years of experience); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding that $270 was a reasonable hourly rate for an associate who had been practicing for between 5-8 years).

Defendant does not contest Plaintiff's hourly rate or the hours expended on the case. In fact, Defendant does not request a reduction, but instead asks that the Court "subjectively decide on this matter." Nonetheless, after an itemized review of the billing records submitted by Plaintiff, the Court finds that a 75% reduction is warranted because the number of hours billed is unreasonable and excessive in light of the fact that Defendant was *pro se*, the case did not present novel issues, and did not require the services of five attorneys (Zidell, Kelly, Jaffe, Staroschak, and Garofalo) working 177.80 hours and charging $58,132 to obtain a judgment of $4,824. In addition, the Court finds that Plaintiff counsel's

practice of billing for meetings between attorneys in the same firm was unnecessary in this non-complex Fair Labor Standards Act case. The same can be said about the extensive time spent reviewing pleadings.

### D. Conclusion

In short, this adjusted award reflects the value of attorney's fees reasonably necessary to achieve Plaintiff's limited success in the form of a $4,824.00 judgment. Accordingly, it is

**ADJUDGED** that the motion is GRANTED and Plaintiff's counsel is entitled to attorney's fees in the amount of **$14,533.00**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of November 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record
Manya Borman, *Pro Se*
4000 Williams Island Blvd.
Apt. 1001
Aventura, FL 33160